UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOSEPH M. PINTO | : | |
| Plaintiff | : | Civil Action No. |
| v. | : | |
| LINDA A. MCMAHON, SECRETARY OF THE UNITED STATES DEPARTMENT OF EDUCATION | : | |
| Defendant | : | **COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C.§2201 and FOR OTHER RELIEF** |
| | : | |

Plaintiff, Joseph M. Pinto, with offices at 720 East Main Street, Suite 1C, Moorestown, New Jersey 08057, by way of Complaint against the defendant, says:

**Jurisdiction**

This court has jurisdiction over this matter pursuant to 20 U.S.C. §1082(a)(2) and 1006d(5) which permits the Secretary of the defendant to be sued in any court of record of a state having general jurisdiction or any district court of the United States regardless of the amount in controversy, and 26 U.S.C. §6402(g) permitting actions against administrative agencies to which a reduction in an income tax refund of a taxpayer was paid pursuant to an offset notice, and 28 U.S.C. §2201 for a declaratory judgment of an actual controversy within its jurisdiction, and 28 U.S.C. §1331, federal question jurisdiction, and 5 U.S.C. §701 et. seq. §702 and §704, agency action made reviewable by statute or final agency action for which there is no other adequate remedy in a court or a by a person suffering a legal wrong because of agency action.

## Introduction

1. The plaintiff is the father of the two sons who both attended college. Plaintiff obtained parent's loans from defendant, Department of Education, to help finance in part his sons' college education. Plaintiff's two sons also independently borrowed individual student loans from defendant to finance their education.

2. The plaintiff paid off his parent's loans and also his sons's two separate loans although he had no obligation to do so as he was not a guarantor or obligor on his sons' loans. The defendant, while acknowledging that the sons' two loans were paid in full, erroneously claim that the plantiff did not pay off in full his parent's loan and now seeks to offset plaintiff's social security benefits starting in July 2025, to satisfy amounts defendant claims are due.

Plaintiff seeks a declaratory judgment and other relief declaring plaintiff does not owe any money to the defendant.

3. On June 24, 2019, plaintiff forwarded to the defendant documentation and a request for an oral hearing, challenging the offset of the plaintiff's federal income tax refund for the year 2018 and seeking a decision declaring plaintiff did not owe any sums of money to the defendant for delinquent student loans.

4. By letter dated August 2, 2019, the defendant denied the plaintiff's request for an oral hearing because, after review the documentation submitted, the defendant found that plaintiff did not provide sufficient information or explain why plaintiff's objection could not be resolved through a review of documentary evidence.

5. The defendant did not specifically state why it was denying plaintiff's request or find any facts, stating merely that a letter was sent to plaintiff on July 28, 2010 advising him that

defendant intended to seek an offset of any federal benefits due plaintiff, and since defendant did not receive any response within 65 days, it notified the IRS that plaintiff owed principal and interest of $36,768.45 on a student loan note.

6. Defendant's August 2019 letter further stated that if plaintiff disagreed with the decision, he could file an action for review in the federal district court. Plaintiff recently received a letter from the U.S. Department of Treasury, Bureau of Fiscal Service dated May 14, 2025 stating that the U.S. Department of Education (DOE) advised the U.S. Department of Treasury to collect a debt it claimed was owed by the plaintiff and under a federal offset program up to 15% of plaintiff's social security benefit payments may be withheld beginning in July 2025. The letter further advised not to contact the Social Security Administration about this offset as the Social Security Administration plays no role in the offset program.

## Facts

7. Plaintiff called the Department of Education on or about September 2, 2005 and requested a payoff amount for all the Parents Plus loans under which he was obligated. Plaintiff was advised that the payoff amount for the outstanding loans was $100,878.38 and that payoff amount was good through September 17, 2005. Plaintiff was to make the check payable to the U.S. Department of Education and send it to P.O. Box 530260, Atlanta, Georgia 30353-0260, noting his social security number on the check.

8. Plaintiff also requested a payoff amount on the loans his two sons had incurred. Plaintiff was advised that the loans to one son, JJP, had a balance of $17,757.47, which was good until September 16, 2005, and the loans to his other son, MJP, had a balance of $10,688.31, which was good until September 16, 2005. Plaintiff had no obligation to pay these loans since

they were strictly student loans under which he was not an obligor or guarantor.

9. In reliance on these three payoffs figure, plaintiff decided to pay off not only the loans for which he was obligated, but also those of his sons. On September 8, 2005, the plaintiff sent the sum of $129,324.16 to payoff his loans and those of his sons, with three separate letters and three separate cashier's checks to the Department of Education in the amounts set forth above to pay off these loans.

10. As to the loans under which plaintiff was obligated, he sent a letter signed by him which stated: "Enclosed please find Bank of America cashier's check number 0217675 in the amount of $100,878.38 representing payment in full of all student loans in my name. As this payoff amount is good through September 17, 2005, please refund any overpayment to me..." The check number 0217675 clearly stated, payment in full - all student loans of Joseph M. Pinto, Account No. xxx708 in the sum of $100,878.38.

11. The second letter dated September 8, 2005 was sent concerning the student loans of plaintiff's son JJP, which stated: "Enclosed please find Bank of America cashier's check number 0217676 in the amount of $17,757.47 representing payment in full of all student loans in his name. As this payoff amount is good through September 17, 2005, please refund any overpayment to me..." Check number 0217676 clearly stated "payment in full – all student loans of JJP, Account No. xxx615" in the sum of $17,757.47.

12. The third letter dated September 8, 2005 was sent concerning the student loans of plaintiff's son MJP which stated: Enclosed please find Bank of America cashier's check number 0217677 in the amount of $10,688.31 representing payment in full of all student loans in his name. As this payoff amount is good through September 17, 2005, please refund any

overpayment to me..." The check number 0217677 clearly stated "payment in full - all student loans of MJP, Account No. xxx306 in the sum of $10,688.31.

13. All of these letters and checks were sent by plaintiff to the defendant.

14. All of these letters were sent by Express Mail, receipt number ED93597338US, through the U.S. Postal Service to the address plaintiff was given by the U.S. Department of Education during plaintiff's phone call with them and was received by the Department of Education in Atlanta, Georgia, on September 9, 2005 at 10:30 a.m.

15. The DOE received the three letters and three checks and deposited the same. Thereafter, the DOE sent a check number 204979662855 dated October 12, 2005 in the sum of $7.66 payable to MJP representing a federal direct loan refund for overpayment of his student loans. The DOE sent a check number 20497662854 dated October 12, 2005 in the sum of $12.84 payable to JJP representing a federal direct loan refund for overpayment of his student loans.

16. Although the DOE accepted the checks to payoff the loans in full of JJP and MJP, it did not accept the check tendered in payment of plaintiff's loans as payment in full.

17. When plaintiff did not receive an overpayment refund check, he contacted DOE and inquired why. Plaintiff was told that the check did not pay the loans in full and there was a balance due. When plaintiff advised that he paid the amount he was given during the telephone conference he had with the DOE, he was told that the figure was a mistake and that he still owed $24,655.73. When he asked what happened to the money he sent as payment in full, plaintiff was told it was applied to his loans but how it was applied was not explained.

18. On May 25, 2006, plaintiff received a letter from DOE signed by no one but stating it came from a Borrower Services Representative, Direct Loan Servicing Center,

acknowledging plaintiff's phone call but untruthfully stating, among other things, that the money plaintiff sent was just a payment of $100,878.38 to resolve the past due status of the loans.

19. Plaintiff never informed the representative he was sending $100,878.38 to resolve the past due status of the loans. If he had known he owed more, he would not have sent the money to pay off his sons's loans as he was not obligated on those loans. Plaintiff relied on the payoff amount he was given by the DOE's representative during the original phone call in paying off his loan and those of his sons. Plaintiff never received a telephone call or correspondence from DOE advising him of the fact it believed a mistake had been made or before applying the money plaintiff had forwarded, in a manner which he did not approve or authorize.

20. Plaintiff does not owe any additional funds on these loans. He relied on the defendant's figures, sent funds to pay these loans, paid off his sons's student loans based on the numbers defendant provided him, which he had no obligation to do. The payoffs provided for plaintiff sons' loans were correct since defendant sent back refunds on overpayments.

## Cause of Action

### Count One

21. Plaintiff repeats the allegations of the first 20 paragraphs of his Complaint and incorporates the same as if set forth at length herein.

22. The plaintiff does not and did not owe any money to the defendant after paying off these debts in full, the amount of which was imparted to the plaintiff by the defendant in the 2005 telephone call.

23. The defendant refuses to acknowledge that the debt is paid in full and plaintiff is exposed to the continued consequences of the refusal of the defendant to deem the debt satisfied,

6

including without limitation, continued offset of refunds of state and federal taxes and social security benefits, accrual of additional interest, and exposure to potential licence revocation.

WHEREFORE, plaintiff demands judgment:

    A.    Declaring that plaintiff owes no money to the defendant on the student loans in question;

    B.    Return of any amounts received by the defendant from any governmental agency as a result of any notices of offset filed by the defendant and any overpayment of the loans, plus interest;

    C.    Enjoining and restraining the defendant from attempting to collect these paid off debts in any manner including without limitation by offset of other state or federal benefits or refunds;

    D.    Costs;

    E.    Attorney's fees pursuant to the Equal Access to Justice Act; and

    F.    Any other relief the court can provide or deems equitable and just under the circumstances.

### Count Two

24.    Plaintiff repeats the allegations of the first 23 paragraphs of his Complaint and incorporates the same as if set forth at length herein.

25.    Under N.J.S.A. 12A:3-311(a) and (b), if a person against whom a claim is asserted proves that the person in good faith tendered an instrument to the claimant as full satisfaction of the claim, the amount of the claim was unliquidated or subject to a bona fide dispute, and the claimant obtained payment of the instrument, the claim is discharged if the person against whom

the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

26. Under N.J.S.A. 12A:3-311(d), a claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant or an agent of the claimant having direct responsibility with respect to the disputed obligation knew the instrument was tendered in full satisfaction of the claim.

27. Here, the plaintiff sent the payment amount defendant advised him to send in full payment of the claim, the accompanying letter stated it was in full payment of the claim, the check sent stated it was in full payment of the claim and the tendered check clearly stated that it was "payment in full - all student loans of Joseph M. Pinto, Esquire, acct # (plaintiff's social security number)".

28. The statutory prerequisites for discharge of the claim under N.J.S.A. 12A:3-311 have been satisfied.

WHEREFORE, plaintiff demands judgment:

    A.    Declaring that plaintiff owes no money to the defendant on the student loans in question;

    B.    Return of any amounts received by the defendant from any governmental agency as result of any notices of offset filed by the defendant and any overpayment of the loans, plus interest;

    C.    Enjoining and restraining the defendant from attempting to collect these paid off debts in any manner including without limitation by offset of other state or federal

benefits or refunds;

      D.    Costs;

      E.    Attorney's fees pursuant to the Equal Access to Justice Act; and

      F.    Any other relief the court can provide or deems equitable and just under the circumstances.

## Count Three

29. Plaintiff repeats the allegations of the first 28 paragraphs of his Complaint and incorporates the same as if set forth at length herein.

30. Under New Jersey Common Law, while receipt of part of an undisputed liquidated demand did not bar a creditor from recovering the remainder, if the creditor, pursuant to an accord, accepts in satisfaction something the debtor was not legally bound to do or to give or if there was a dispute as to what was due, then the prior obligation is discharged.

31. Here, the defendant knew there was a dispute as to the amount due as it first gave the plaintiff a payoff figure and then when it received the money from the plaintiff, changed its mind and never notified plaintiff that it now disputed the amount due.

32. Additionally, plaintiff based upon the payoff figure provided by the defendant, advised the defendant he would payoff the student loans of his sons, which was not legally bound to do so, and in fact, paid those amounts to the defendant who accepted them as payment in full.

32. As such, under New Jersey law, the claim by defendant against the plaintiff is discharged and defendant is estopped from claiming any funds from the plaintiff in excess of those already tendered.

WHEREFORE, plaintiff demands judgment:

      A.      Declaring the plaintiff owes no money to the defendant on the student loans in questions;

      B.      Return of any amounts received by the defendant from any governmental agency as a result of any notices of offset filed by the defendant and any overpayment of the loans, plus interest;

      C.      Enjoining and restraining the defendant from attempting to collect these paid off debts in any manner including without limitation by offset of other state or federal benefits or refunds;

      D.      Costs;

      E.      Attorney's fees pursuant to the Equal Access to Justice Act; and

      F.      Any other relief the court can provide or deems equitable and just under the circumstances.

/s/ Joseph F. Polino                                  Date: July 3, 2025
Joseph F. Polino, Esquire
Polino and Pinto, P.C.
720 E. Main Street, Ste 1C
Moorestown, NJ 08057
Phone: 856-727-1777
Email: Jfpolino@prodigy.net
Counsel for the Plaintiff


/s/Carl D. Poplar                                         Date: July 3, 2025
Carl D. Poplar, Esquire
Law Office of Carl D. Poplar, P.A.
1010 Kings Highway South
Bldg One
Cherry Hill, NJ 08034
Phone: 856-216-9979
Email: Cpoplar@poplarlaw.com
Co-Counsel for the Plaintiff